# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY SIMS, | CASE NO. 1:10-cv-00726 AWI GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| D. G. ADAMS, et al., | (ECF No. 1) |
| Defendants. | |

## Screening Order

**I.     Screening Requirement**

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] On December 27, 2011, Plaintiff filed a Notice of Change of Address, indicating his release from custody. The docket reflects a different address than the one indicated on the Notice of Change of Address. The Clerk's Office is directed to correct the docket to reflect the address indicated on the December 27, 2011, notice.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Plaintiff's Claims**

Plaintiff, formerly incarcerated at Corcoran State Prison, brings this civil rights action against three individual defendants: Warden D. G. Adams; Librarian R. Rosenthal; Academic Vice Principal S. Wortman. Plaintiff claims that he was denied access to the law library and retaliated against in violation of the First Amendment. Plaintiff's complaint is 100 pages long, and includes legal argument and authority.

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to § 1983 actions. Swierkeiwicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512. Detailed factual allegations are not required, but '[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face." Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color

of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

As noted, the court must screen the complaint prior to service upon defendants. 28 U.S.C. § 1915A(b)(1),(2). At the screening stage, the court is only determining whether Plaintiff states a colorable claim for relief. Should Plaintiff state a claim for relief, the court will direct service of process. A schedule for litigation will be set, including the opportunity to engage in discovery. Plaintiff does not need to prove his case at this stage of the litigation. The court is only determining whether Plaintiff states a colorable claim. Legal argument and evidence are not required at this stage of litigation.[2]

Plaintiff is advised that a short and simple statement of his claim will speed the screening of his case, and will help the litigation proceed in a more efficient manner. Plaintiff is advised that this court has pending before it many prisoner civil rights cases. In the Eastern District of California, the federal judiciary is inundated with prisoner civil rights cases.[3] In the interest of judicial efficiency and in the interest of timely addressing the many constitutional claims before it, the court therefore directs Plaintiff to file an amended complaint that complies with Federal Rule of Civil Procedure 8(a).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

---

[2] While exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). Plaintiff is advised that under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff is only obligated to provide "a short and plain statement of [his] claim", Plaintiff is not obligated to prove the allegations in his complaint at this stage. Attaching a large number of exhibits to a complaint will result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a "short" nor "plain" statement of Plaintiff's claims.

[3] The most recent statistics available indicate that 1,330 prisoner civil rights cases were filed in this district in 2009, a 9.7% increase from the previous reporting period. 2011 Annual Report for the U.S. District Court, Eastern District of California.

3

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

**III.   Order**

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a complaint form for a civil rights action .

2. Plaintiff is directed to file an amended complaint  that complies with the following conditions:

    a.. The amended complaint must be legibly written or typewritten on forms supplied by the court and signed by the plaintiff.

    b. The form must be completed in accordance with the instructions provided with the forms.

    c. The amended complaint must be a short, simple and concise statement of the claim.

    d. Additional pages beyond those allowed in the court's form may not exceed 25 pages without leave of court.

    e. The court approved form and any additional pages submitted must be written or typed on only one side of a page and the writing or typewriting must be no smaller in size than standard elite type.

3. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed for Plaintiff's failure to prosecute.

IT IS SO ORDERED.

Dated: **June 22, 2012**         /s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE