IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY SIMS, <br><br>　　　　　Plaintiff, <br><br>　v. <br><br>D. G. ADAMS, et al., <br><br>　　　　　Defendants. | NO. 1:10-cv-00726 AWI GSA PC <br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED <br><br>OBJECTIONS DUE IN TWENTY DAYS |

　　　Plaintiff is a former state prisoner proceeding pro se in this civil rights action.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　By order filed June 22, 2012, the Court issued an order dismissing the operative complaint for failure to state a claim and directing Plaintiff to file an amended complaint within thirty days.  Plaintiff has not filed an amended complaint.

　　　In the June 22, 2012, order the Court informed Plaintiff of the deficiencies in his complaint, and dismissed the complaint on the ground that Plaintiff had failed to state a claim upon which relief could be granted.  Because Plaintiff has not filed an amended complaint, the Court will recommend that Plaintiff's complaint be dismissed without leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to

1  amend should be granted even if no request to amend was made unless the court determines that
2  the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809
3  F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her
4  complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by
5  amendment).  See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with
6  prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order
7  dismissing claim with leave to amend).

8         Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure
9  to state a claim upon which relief can be granted, and that this action count as a strike under 28
10 U.S.C. § 1915(g).

11        These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within
13 twenty days after being served with these findings and recommendations, plaintiff may file
14 written objections with the court.  Such a document should be captioned "Objections to
15 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
16 objections within the specified time waives all objections to the judge's findings of fact.  See
17 Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the
18 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
19 F.2d 1153 (9th Cir. 1991).

24     IT IS SO ORDERED.

25     Dated:   **July 26, 2012**            **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE